MR. JUSTICE SHEEHY,
dissenting:
I dissent to the over-broad and unwarranted interpretation of the reporting mandate of Section 41-3-201(1), MCA, (1985) as applied to this case.
Section 41-3-201(1), provides:
“When the professionals and officials listed in Subsection (2) know or have reasonable cause to suspect that a child known to them in their professional or official capacity is an abused or neglected child, they shall report the matter promptly to the department of social *516 and rehabilitation services or its local affiliate . . . (Emphasis added.)
Where, under the statute, is the child that was known to Barbara Myers in this case to be an abused or neglected child which required her report? There is none. There is no abused child here under 18 years of age.
The “child” must be a person under 18 years of age. Section 41-3-102(1), MCA.
“An ‘abused . . . child’ means a child whose normal, physical, or mental health or welfare is harmed or threatened with harm by the acts or omissions of his parent or other person who is responsible for his welfare.” (Emphasis supplied.)
Section 41-3-102(2).
The alleged abuser must be either the parent of any abused child under the statute, or he must be responsible for the child’s welfare. This alleged abuser does not fit the statute.
Where is the “abused child” in this case? Barbara Myers had no knowledge that the alleged abuser was the parent of any child who was so harmed and threatened as described to constitute an abused child, and certainly knew of no child for whom the alleged abuser was responsible for the child’s welfare.
Where is the harm or threatened harm to the child’s health and welfare in this case? The statute states that it means the harm that occurs whenever the parent or other person responsible for the child’s welfare “commits or allows to be committed a sexual assault against the child or expose the child or allows the child to be exploited for sexual purposes or commits or allows to be committed the act of sexually abusing the children.” Section 41-3-102(3)(b).
In this case therefore, there is absolutely nothing within Section 41-3-201, MCA, which required a report by Barbara Myers so damaging to the husband of Joyce Gross. There was no “child known” to Barbara Myers; there was no “abused child”; there was no “harm to a child’s health or welfare” threatened or present against a child based on sexual assault or one exploited for sexual purposes or otherwise sexually abused, and there was no child for whose welfare the alleged abuser was responsible. We have only a professional busybody.
The “threatened harm” required under the statute must be an “imminent risk of harm.” Section 41-3-102(6). The majority opinion has transformed “imminent” into barely possible; perhaps; maybe; well, it could happen.
*517 We are statutorily directed in the construction of statutes that our office is “simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA.
As to the second portion of the majority opinion, whether Barbara Myers acted maliciously so as to avoid immunity is a question of fact for a trier of fact and not for the District Court or this Court simply on affidavits. The content of the affidavits is disputed, and summary judgment was improper. However, in my view, the immunity statute does not apply, because in this case Barbara Myers was not acting within Section 41-3-201(1), MCA, when she violated the confidence reposed in her by Joyce Gross.
MR. CHIEF JUSTICE TURNAGE concurs in the above dissent.